NIGHT BOX
FILED

FEB 1 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
DIVISION

Case No: 0-06167 CIV-JORDAN

MAGISTRATE JUDGE
BANDSTRA

UNITED STATES OF AMERICA

    Plaintiff

vs.

RODNEY W. BARLEY

    Defendant
_____/

## COMPLAINT

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $4366.08, plus interest on this principal amount computed at the rate of 9.00 percent per annum in the amount of $4915.40, plus interest thereafter on this principal from January 19, 2000 until the date of judgment, plus administrative fees, costs, and penalties in the amount of $6.44. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.



WHEREFORE, plaintiff prays judgment against the defendant for the total of $9287.92, plus interest at 9.00 percent per annum on the principal amount of $4366.08, from January 19, 2000 to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this 31 day of January, 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 Ne 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. 3059619311
Fax No. 3055307195

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Rodney W. Barley
AKA: Rod W. Barley
3210 Emerald Pointe Dr. Apt. 305B
Hollywood, FL 33021
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from January 19, 1999.

On or about May 18, 1983 and August 24, 1982, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 and $2,500.00 from Higher Education Loan Program of WV, Inc. at 9.00 percent interest per annum. This loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $894.41 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on August 29, 1986 and September 20, 1986, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,366.08 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on April 12, 1993, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,366.08 |
| Interest: | $4,522.66 |
| Administrative/Collection Costs: | $6.44 |
| Late fees | $.00 |
| Total debt as of January 19, 1999: | $8,895.18 |

Interest accrues on the principal shown here at the rate of $1.08 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 1/29/99    Name: [signature]
Title: Loan Analyst
Branch: Litigation Branch

GOVERNMENT EXHIBIT A

## I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS   B41200-92

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge / Prepayment |
|---|---|---|
| The cost of your credit as a yearly rate.<br>Prior to repayment: 5.05 %<br>During repayment: 9.00 % | The amount of credit provided to you.<br>$ 2351.56 | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less.<br>Prepayment: If you pay off early, you<br>☐ may  ☒ will not  have to pay a penalty.<br>☐ may  ☒ will not  be entitled to a refund of part of the finance charge.<br>See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2351.56

Loan Amount $ 2500.00   Less: Prepaid Finance Charge $ 148.44   Equals: Amount paid to you $ 2351.56
Includes: Guarantee Fee $ 23.44
Origination Fee $ 125.00  ( 5.0 % of Loan Amount)

Disbursement Schedule:

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge | | Amount Disbursed to You |
|---|---|---|---|---|---|
| | | | Guarantee Fee | Origination Fee | |
| 1st Disbursement | 08/25/83 | $ 2500.00 | $ 23.44 | $ 125.00 | $ 2351.56 |
| 2nd Disbursement | | $ | $ | $ | $ |
| 3rd Disbursement | | $ | $ | $ | $ |

## II. PROMISE TO PAY

Rodney W. Barley, promise to pay to the order of Higher Educ. Loan Program of WV, Inc. hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of **Nine** percent( 9 %) per annum. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section IV below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

### III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Subchapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

### IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be **6** months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
   A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
   C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:
1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

Upon my default, the lender may declare the following amounts immediately due and payable:
1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.

Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

**NOTICE TO BORROWER**
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN

BORROWER'S NAME AND ADDRESS:
Rodney W. Barley
Rt 3 Box 680
Princeton

BORROWER'S SIGNATURE: /s/ Rodney W. Barley   DATE: 5-18-83

NOTARY PUBLIC STATE OF FLORIDA
MY COMMISSION EXPIRES NOV 12 1986
BONDED THRU GENERAL INSURANCE UND

INDORSER'S SIGNATURE (IF ANY)   DATE

The foregoing instrument was acknowledged before me this 19TH day of MAY, 19 83
By RODNEY W. BARLEY
Name of Maker
Notary Public

The above signed accommodation party signs this Promissory Note in the capacity of an indorser within the meaning of the Uniform Commercial Code. As such, the undersigned hereby waives demand, presentment for payment, notice of non-payment, protest, and notice of protest and acknowledges and agrees that the lender has expressly reserved its right against the undersigned notwithstanding deferment of payment by the Maker under Section V or modification of repayment terms in accordance with Section VI of this Note.

Lender Use Only
Actual Disbursement Date(s)

____/____/____, ____/____/____, ____/____/____

## DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments that I am required to make under Section IV may be deferred. The payment of principal of my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:

1. While I am enrolled in—
   A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
   B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
   C. A graduate fellowship program approved by the Secretary of Education; or
   D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am —
   A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
   B. Serving as a Peace Corps Volunteer;
   C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
   D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
   E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States.

To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## TRANSFERENCE OF OWNERSHIP

If the lender transfers (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification which spells out my obligations to the party to which my loan was sold.

*[Stamp overlay:]* I HEREBY ASSIGN THE HIGHER EDUCATION ASSISTANCE FOUNDATION ALL TITLE AND INTEREST OF THE HOLDER IN THE NOTE TO WHICH THIS CLAIM HAS BEEN FILED AND PAID.

NAME OF LENDER - HELP - Virginia 10-14-86

HEMAR SERVICE CORPORATION
AS AUTHORIZED AGENT
BY CAROLYN M. RODGERS
ASSISTANT CLAIMS SUPERVISOR

## I. DISCLOSURE OF CHARGES AND DISPOSITION OF LOAN PROCEEDS

| ANNUAL PERCENTAGE RATE | Amount Financed | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. |
|---|---|---|
| The cost of your credit as a yearly rate. | The amount of credit provided to you. | Prepayment: If you pay off early, you<br>☐ may  ☒ will not   have to pay a penalty.<br>☐ may  ☒ will not   be entitled to a refund of part of the finance charge. |
| Prior to repayment: 3.59 %   During repayment: 9.00 % | 86036/02<br>$ 2306.59   1600 | See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2306.59

Loan Amount $ 2500.00 . Less: Prepaid Finance Charge $ 193.41 . Equals: Amount paid to you $ 2306.59

Includes: Guarantee Fee $ 68.41 .

Origination Fee $ 125.00 . ( 5.0 % of Loan Amount)

Disbursement Schedule:

| Disbursement | Estimated Date of Disbursement | Gross Disbursement Amount | (less) Prepaid Finance Charge | | Amount Disbursed to You |
|---|---|---|---|---|---|
| | | | Guarantee Fee | Origination Fee | |
| 1st Disbursement | 08/26/82 | $ 2500.00 | $ 68.41 | $ 125.00 | $ 2306.59 |
| 2nd Disbursement | | $ | | $ | $ |
| 3rd Disbursement | | $ | | $ | $ |

## II. PROMISE TO PAY

I, Rod W. Barley, promise to pay to the order of Higher Educ. Loan Program of WV, Inc. hereinafter called the "lender") all of the following amounts in full:

1) The entire Loan Amount as identified above.
2) Interest on the unpaid principal balance at the rate of __Nine__ percent( __9__ %) per annum. I further understand that if I am eligible for Federal interest benefits, the interest will be paid by the U.S. Department of Education (a) during the period I am in school, (b) during the grace period described in Section IV below, and (c) during the time my loan payments are deferred as allowed by Section V below.
3) The Guarantee Fee which will be deducted from the proceeds of my loan check at the time of the initial disbursement. This charge is not subject to refund except the amount(s) attributable to any disbursement I do not receive.
4) The Origination Fee which may be deducted from the proceeds of the loan.

### III. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through the Higher Education Assistance Foundation (HEAF) and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Subchapter IV, Part B of the Higher Education Act of 1965 (the "Act") as amended, Federal regulations adopted under the Act, and the Rules and Regulations of the HEAF.

### IV. REPAYMENT

1) I will begin repayment of this loan, in periodic installments, after the completion of the grace period. The grace period will be ___6___ months beginning when I leave school or cease to be at least a half-time student. The payments may begin at an earlier time if I agree.
2) I will repay this loan within 15 years of the date this loan is made, over a repayment period that lasts at least 5 years. At the lender's option, I may receive up to 10 years to repay. However, the following exceptions to these rules apply:
   A) If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   B) The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I have loans guaranteed under the Act outstanding, I pay toward principal and interest at least $600 or the unpaid balance of the total amount owing to all holders of my guaranteed loans, whichever is less. If I am married, I understand that the total for me and my spouse's payment must be at least $600.
   C) Any period described in Section V or Section VI of this Promissory Note will not be included in determining either the 15 year period or the 5 to 10 year period mentioned above.
3) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines as set forth in Paragraph 2 of this section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.
5) At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note plus accrued interest thereon. In the event of prepayment

and if interest payments have been calculated by a method other than simple interest or actual daily accrual, I will be entitled to a rebate of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

### V. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make under Section IV may be deferred. The instances currently authorized by the Act are described on the reverse side of this Note. To obtain such deferment, I agree to comply with the relevant Federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

### VI. MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the lender to modify these terms in the manner identified on the reverse side of this Note. I understand that a modification of repayment terms under this section is different than a Deferment of Repayment (Section V) and that I will remain responsible for payment of interest during this period which the lender may (a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

### VII. ACCELERATION & DEFAULT

In the event any one or more of the below listed events occur, the lender will consider me in default:
1) Failure to make any payment when due.
2) Making any representation relative to obtaining this loan knowing it was false.
3) Using the loan proceeds for other than educational purposes.
4) Failing to enroll in the school that completed the application for the time identified as my loan period.
5) Not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my address.

Upon my default, the lender may declare the following amounts immediately due and payable:
1) The entire unpaid principal balance of this Promissory Note;
2) The entire amount of unpaid interest on this Promissory Note;
3) Late charges; and
4) To the extent allowed by law, all costs of collection, including reasonable attorneys' fees.

Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date. If I default, the lender may endorse this Promissory Note to the HEAF. I will then be required to pay the HEAF all amounts owed.

**NOTICE TO BORROWER**
(a) DO NOT SIGN THIS PROMISSORY NOTE BEFORE YOU READ IT.
(b) YOU ARE ENTITLED TO A COPY OF THIS PROMISSORY NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE
(e) HEAF, THE U.S. DEPARTMENT OF EDUCATION, OR THE LENDER MAY REPORT THE STATUS OF THIS LOAN TO A CREDIT BUREAU. THEREFORE, IN ORDER TO MAINTAIN A GOOD CREDIT RATING, IT IS TO YOUR BENEFIT TO COMPLY WITH ALL THE TERMS AND CONDITIONS OF THE LOAN

BORROWER'S NAME AND ADDRESS:
Rod W. Barley
Rt 3 Box 680
Princeton  WV 24740

BORROWER'S SIGNATURE: _Rod W. Barley_   DATE: 8-24-82

The foregoing instrument was acknowledged before me this 24th day of August, 1982.
_Robert E. Fish_

The above the Uniform payment, against the of repayment

BARLEY, RODNEY, W
CLAIM NO 1993090127662   04-12-93
SSN 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   TD  1

he meaning notice of ne rved its righ r modificati

```
            Lender Use Only
            Actual Disbursement Date(s)
            ___/___/___  ___/___/___  ___/___/___
```

## DEFERMENT OF REPAYMENT

I understand that in cer                                                                    required to make under
Section IV may be defer                                                                     repayment period begins,
provided I comply with t                                                                    the GSLP in any of these
circumstances:

1. While I am enrolled in-

   A. Full-time study at                Pay to the order of Higher Education Assistance Foundation ("HEAF") without
      United States and a               recourse, provided, however, notwithstanding this indorsement without recourse,            itizen or national of the
                                         the undersigned hereby expressly:
   B. Full-time study at                 1. Warrants that:
      the Federal Goverr                    a) no defense of any party is good against the undersigned; and                         operated by an agency of
                                            b) the undersigned is not in default under the terms of that
   C. A graduate fellows                      certain Lender Agreement for Guarantee of Student Loans with
                                               Federal Reinsurance ("Lender Agreement") between it and HEAF,
   D. A rehabilitation tra                    in accordance with which payment of the indebtedness evidenced                        of Education.
                                               by this instrument was guaranteed by HEAF.
2. For periods not excee               2. Disclaims the implied warranty that it has no knowledge of any insolvency
                                         proceeding instituted with respect to the maker of this instrument and
   A. On active duty in                 instead warrants that to the extent it has knowledge of any such pro-                        the Commissioned Corps
      of the United State               ceeding it has disclosed the same to HEAF, but no other implied warranties
                                         are hereby disclaimed.
   B. Serving as a Peace               3. Acknowledges that:
                                            a) upon payment in full by HEAF of the claim submitted by the
   C. Serving as a full-t                   undersigned pursuant to the aforesaid Lender Agreement, HEAF
      programs) (e.g., VI                   will have discharged all of its obligations to the undersigned                          Act of 1973 (ACTION
                                             arising out of said Lender Agreement; and
   D. Serving as a full-t                  b) notwithstanding payment by HEAF of the undersigned's claim and                        e taxation under Section
      501 (c)(3) of the                     acceptance by HEAF of transfer of this instrument in consideration                      cation has determined is
                                             thereof, HEAF has not waived any rights that it may have against
      comparable to serv                    the undersigned pursuant to the terms of the aforesaid Lender
                                             Agreement.
   E. Temporarily total                By _____                By _Becky Riddle_                                          an, or unable to secure
      employment beca                  Its _____               Its _Claims Officer_                                       arily totally disabled, as
      established by affi                      (Cashier, Treasurer)       Date _8-29-80_

3. For a period not exc                                                                                                              cretary of Education has
   determined is necessa                                                                                                             sional practice or service.

4. For a single period r                                                                                                             unable to find full-time
   employment in the Ur

To be granted a deferment, I must provide the lender with written evidence of my eligibility; I must subsequently
notify the lender as soon as the condition for which the deferment was granted no longer exists.

## MODIFICATION OF REPAYMENT TERMS

If I am unable to repay this loan in accordance with the terms established under Section IV, I may request the
lender to modify these terms. The lender may, but is not required to, allow any of the following:

1) A short period in which payments are waived.
2) A reasonable extension of time for making payments.
3) Making smaller payments than were originally scheduled.

I understand that I will remain responsible for payment of interest during this period which the lender may
(a) collect from me on a periodic basis or (b) accrue and add to the principal balance of the loan.

## TRANSFERENCE OF OWNERSHIP

If the lender transfers (e.g., sells) the loan and the right to receive payments, I must be sent a clear notification
which spells out my obligations to the party to which my loan was sold.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

0-06167
CIV-JORDAN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

UNITED STATES of AMERICA

**DEFENDANTS**

RODNEY W. BARLEY

MAGISTRATE JUDGE
BANDSTRA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

B.Broward 0:00cv6167/Jordan/Bandstra

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
THOMAS E. SCOTT, U.S. ATTORNEY (305)961-9377
99 NE 4TH ST., SUITE 300, MIAMI, FL 33132-2111

**ATTORNEYS (IF KNOWN)**

NIGHT BOX
FILED

FEB 1 2000

CLARENCE MADDOX
CLERK, USDC ADF/FL/MIA

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☒ 152 Recovery of Defaulted Student Loans Excl Veterans | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | A LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERALLY INSURED STUDENT LOAN 34CFR 682.100(4)(d)

LENGTH OF TRIAL
via 1 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

**DEMAND $** 9,287.92
+ interest & costs

**CHECK YES only if demanded in complaint**
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/31/00

SIGNATURE OF ATTORNEY OF RECORD

MARY F. DOOLEY, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____